**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **KATHERINE L. PAGANO** | : | **Case Number** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **TRANS UNION, LLC** | : | |
| **&** | : | |
| **EXPERIAN INFORMATION** | : | |
| **SOLUTIONS, INC.** | : | **CIVIL COMPLAINT** |
| **&** | : | |
| **EQUIFAX INFORMATION** | : | |
| **SERVICES, LLC** | : | |
| **&** | : | |
| **QUALITY ASSET** | : | |
| **RECOVERY, LLC** | : | |
| **Defendants** | : | **JURY TRIAL DEMANDED** |

_____:

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Katherine L. Pagano, by and through her undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1.      Plaintiff, Katherine L. Pagano, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act as well as for relief from Defamation of Character.

## II. JURISDICTION

2.      Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3.      Venue in this district is proper in that Plaintiff resides in this District.

## III. PARTIES

4.     Plaintiff, Katherine L. Pagano (hereinafter referred to as "Plaintiff") is an adult natural person with an address of 619 Byram Street, Reading, Pennsylvania 19606.

5.     Defendant, Trans Union, LLC (hereafter referred to as "Defendant Trans Union"), at all times hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6.     Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 955 American Lane, Schaumburg, Illinois 60173.

7.     Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

8.     Defendant, Quality Asset Recovery, LLC (hereinafter referred to as "Defendant Quality"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting consumer debt with an address of 7 Foster Avenue Suite 101, Gibbsboro, New Jersey 08026.

## IV. FACTUAL ALLEGATIONS

9.     It is alleged by Defendant Quality that a balance of nearly $6,000.00 is due to them by Plaintiff for an allegedly defaulted upon account with an apartment complex named Willow Gardens Apartments.

2

10.     This dollar amount is not authorized by the agreement creating the debt or permitted by law.

11.     Plaintiff had vacated this apartment due to it being uninhabitable and moldy.

12.     When Plaintiff vacated the apartment, she returned the keys and removed her personal effects, yet did not receive a return of her security deposit.

13.     Instead, in early 2016, Plaintiff noticed that her credit reports inaccurately reflected two (2) pieces of negative credit information as to two (2) alleged $2,870.00 accounts with Defendant Quality stemming from her old apartment at Willow Gardens Apartments.

14.     These dollar amounts are not authorized by the agreement creating the debt or permitted by law.

15.     On or about July 1, 2016, Plaintiff disputed the accuracy of the trade line of Defendant Quality directly with Defendant Quality.

16.     On or about July 1, 2016, Plaintiff disputed the accuracy of the trade line of Defendant Quality with Defendants Trans Union, Experian and Equifax.

17.     Defendants Trans Union, Experian, and Equifax each acknowledged receipt of Plaintiff's above referenced dispute.

18.     Upon information and belief, Defendants Trans Union, Experian, and Equifax each notified Defendant Quality of Plaintiff's dispute as described herein.

19.     Defendants Trans Union, Experian, and Equifax each notified Plaintiff that this account had been "verified" and that the inaccuracies within the trade lines of Defendant Quality would not be corrected.

20.    Each Defendant willfully and negligently failed to employ and follow reasonable procedures to investigate Plaintiff's dispute and correct the information appearing on her credit reports.

21.    Defendants were deceptive and unconscionable in representing that Plaintiff owed an amount not authorized by the agreement creating the debt or permitted by law.

22.    Defendants communicated false credit information and in so doing, Defendant Quality was attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

23.    As of the date of the filing of this Complaint, Defendants Trans Union, Experian, and Equifax each continue to report the trade line of Defendant Quality inaccurately.

24.    As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to be declined for a number of apartments, and suffer an increase in the mortgage interest rate to which she would otherwise be entitled.

25.    As a result of Defendant's continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to refrain from applying for additional credit.

26.    Aside from the inaccurate and misleading information reported pertaining to the alleged account of Defendant Quality, Plaintiff has an excellent credit history.

27.    The Defendants acted with actual malice in willfully continuing to report inaccurate and misleading information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

28.     As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

29.     As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

30.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

31.     As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## COUNT I – FCRA
### *Plaintiff v. All Parties*

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     At all times pertinent hereto, Defendants Trans Union, Equifax and Experian were "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(b) and (f).

34.     At all times pertinent hereto, Defendant Quality was a "furnisher" within the meaning and context of the Fair Credit Reporting Act.

5

35.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

36.     At all times pertinent hereto, the above mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

37.     Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Equifax and Experian are liable to the Plaintiff for engaging in the following conduct:

(a)     Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b)     Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c)     Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d)     Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e)     Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e (8).

38.     Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Quality is liable to the Plaintiff for engaging in the following conduct:

(a)      Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being provided with proof of its inaccuracy; and

(b)      Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy; and

(c)      Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

39.      The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against Defendants for the following:

a.      Actual damages;

d.      Statutory damages pursuant to 15 U.S.C. §1681n;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – FDCPA

### *Plaintiff v. Quality Asset Recovery, LLC*

40.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a (5).

42.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

§§ 1692e:          Any other false, deceptive or misleading representation or means in connection with the debt collection

§§ 1692e (2):      Character, amount, or legal status of the alleged debt.

§§ 1692e (8):      Communicates false credit information, including the failure to communicate that a debt is disputed.

§§ 1692f:          Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§§ 1692f (1):      Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Quality Asset Recovery, LLC, for the following:

a.      Actual damages;

b.      Statutory damages pursuant to 15 U.S.C. § 1692k;

8

c.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.      Such additional and further relief as may be appropriate or that the

interests of justice require.

## COUNT III– DEFAMATION OF CHARACTER
*Plaintiff v. All Parties*

43.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44.     Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

45.     Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

46.     The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

47.     Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

48.     The falsehoods within the trade line of Defendant Quality constitute falsehoods concerning Plaintiff's credit history.

49.     Defendants knew or reasonably should have known that the information regarding the trade line of Defendant Quality which they have published and re-published on Plaintiff's credit reports is incorrect and false as Plaintiff has notified them of such.

50.     Defendants continue to publish the false and negative information within the trade line of Defendant Quality on Plaintiff's credit history up through the present time.

51.     Defendants knew that the information within the trade lines of Defendant Quality on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

52.     The publications of the information within the trade line of Defendant Quality on Plaintiff's credit report constitute libel per se.

53.     In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

54.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in her favor and against the aforementioned Defendants for the following:

a.     Actual damages;

b.     Statutory damages;

c.     Punitive damages;

d.     An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting

the inaccurate information to any and all persons and entities to whom they report

consumer credit information; and

e.        Such addition and further relief as may be appropriate or that the interests of

justice require.

## V.        JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.


                                        Respectfully submitted,

                                        VULLINGS LAW GROUP, LLC


**Date:  August 5, 2016**              BY: */s/Brent F. Vullings*
                                        Brent F. Vullings, Esquire
                                        Vullings Law Group, LLC
                                        3953 Ridge Pike, Suite 102
                                        Collegeville, PA 19426
                                        610-489-6060
                                        Attorney for Plaintiff